UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA,

     Plaintiff,

v.                                                          Case No:  2:17-cv-365-FtM-99CM

APPROXIMATELY $1,116,331.67
SEIZED FROM BANK OF
AMERICA CHARITABLE GIFT
FUND and APPROXIMATELY
$507,840.86 SEIZED FROM
MORGAN STANLEY GLOBAL
IMPACT FUNDING TRUST,

     Defendants.

## ORDER

This matter comes before the Court upon review of the United States' Motion for Clerk's Default (Doc. 15) filed on August 31, 2017.   The United States seeks entry of Clerk's default against Bank of America ("BOA") and Morgan Stanley Global Impact Funding Trust ("Morgan Stanley").[1]   Doc. 15 at 1.   On June 29, 2017, the United States filed a Verified Complaint for Forfeiture *in Rem* ("Complaint"), seeking to forfeit the following property:

1. Approximately $1,116,331.67 seized from Bank of America Charitable Gift Fund account number 80-16-200-2766129 designated by Andre and Paula Bernard; and

---

[1] The United States claims Andre and Paula Bernard are the only other parties with a known interest in this case.   Doc. 15 at 4 n.1.   Andre and Paula Bernard consented to the forfeiture of the assets at issue and waived their rights to receive notice of this action.   Doc. 1-6.   The United States are not seeking entry of Clerk's default against Andrea and Paula Bernard.

2.  Approximately $507,840.86 seized from Morgan Stanley Global Impact Funding Trust account number 186764 held by the Bernard Family Charitable Fund and controlled by Andre and Paula Bernard (the Subject Accounts).

Doc. 1 at 1-2. The United States argues despite receiving the proper notice of this action, BOA and Morgan Stanley have not responded to the Complaint or appeared in this action. Doc. 15 at 1-2.

Pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Similarly, Middle District of Florida Local Rule 1.07(b) provides:

> When service of process has been effected but no appearance or response is made within the time and manner provided by Rule 12, Fed. R. Civ. P., the party effecting service shall promptly apply to the Clerk for entry of default pursuant to Rule 55(a), Fed. R. Civ. P.

M.D. Fla. R. 1.07(b).

Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions "governs a forfeiture action in rem arising from a federal statute." Fed. R. Civ. P. Supp. Rules G(1). To "any person who reasonably appears to be a potential claimant on the facts known to the government," Rule G(4)(b) mandates the government to serve the following notice:

> **(i) Direct Notice Required.** The government must send notice of the action and a copy of the complaint to any person who reasonably appears to be a potential claimant on the facts known to the government before the end of the time for filing a claim under Rule G(5)(a)(ii)(B).
>
> **(ii) Content of the Notice.** The notice must state:

**(A)** the date when the notice is sent;

**(B)** a deadline for filing a claim, at least 35 days after the notice is sent;

**(C)** that an answer or a motion under Rule 12 must be filed no later than 21 days after filing the claim; and

**(D)** the name of the government attorney to be served with the claim and answer.

Fed. R. Civ. P. G(4)(b).   Here, the United States prepared a notice in compliance with Rule G(4)(b), which stated all the elements required under this rule.   Doc. 15-1 at 12-14.

Rule G(4)(b) further requires the notice to be sent in a specific manner:

**(iii) Sending Notice.**

**(A)** The notice must be sent by means reasonably calculated to reach the potential claimant.

**(B)** Notice may be sent to the potential claimant or to the attorney representing the potential claimant with respect to the seizure of the property or in a related investigation, administrative forfeiture proceeding, or criminal case.

. . .

**(iv) When Notice Is Sent.** Notice by the following means is sent on the date when it is placed in the mail, delivered to a commercial carrier, or sent by electronic mail.

Fed. R. Civ. P. G(4)(b).   On July 5, 2017, the United States sent the proper notice via certified and first-class mail to BOA and Morgan Stanley by mailing the notice to BOA's vice president, president and registered agent[2]  and Morgan Stanley's counsel

---

[2] Florida Department of State, Division of Corporations, www.sunbiz.org (last visited

and representative in the Legal and Compliance Division. Doc. 15-1 at 2-5. Accordingly, the United States properly served the direct notice under Rule G(4)(b). *See* Fed. R. Civ. P. G(4)(b)(iii), (iv).

Pursuant to the notice and Rule G(4)(b), BOA and Morgan Stanley had until August 9, 2017 to file a claim in this case. Doc. 15-1 at 12; *see* Fed. R. Civ. P. G(4)(b)(ii). BOA and Morgan Stanley have failed to do so within the time period. Thus, the entry of Clerk's default pursuant to Federal Rule of Civil Procedure 55(a) and Middle District of Florida Local Rule 1.07(b) is appropriate.

ACCORDINGLY, it is hereby

**ORDERED:**

1. The United States' Motion for Clerk's Default (Doc. 15) is **GRANTED**.

2. The Clerk is directed to enter a Clerk's default against Bank of America and Morgan Stanley Global Impact Funding Trust.

**DONE** and **ORDERED** in Fort Myers, Florida on this 12th day of October, 2017.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record
Unrepresented parties

---

Oct. 11, 2017).