UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                         Case No: 2:17-cv-365-FtM-99CM

APPROXIMATELY $1,116,331.67
SEIZED FROM BANK OF AMERICA
CHARITABLE GIFT FUND,
account number 80-16-200-
2766129 and APPROXIMATELY
$507,840.86 SEIZED FROM
MORGAN STANLEY GLOBAL IMPACT
FUNDING TRUST, account
number 186764,

    Defendants.

**OPINION AND ORDER**

This matter comes before the Court on the government's Motion for Default Judgment of Forfeiture (Doc. #20) filed on October 30, 2017. No appearances have been made, and the time to respond has expired. The Court finds that an evidentiary hearing is not required in this case.

**1. Procedural History**

On June 29, 2017, the United States filed a Verified Complaint for Forfeiture *In Rem* (Doc. #1) to forfeit the following property, hereinafter "the defendant funds": (1) Approximately $1,116,331.67 seized from Bank of America Charitable Gift Fund account number 80-16-200-2766129 designated by Andre and Paula

Bernard; and (2) Approximately $507,840.86 seized from Morgan Stanley Global Impact Funding Trust account number 186764 held by the Bernard Family Charitable Fund and controlled by Andre and Paula Bernard. An Order Directing Issuance of a Warrant of Arrest *In Rem* (Doc. #6) was issued, the warrants were executed by the United States Marshal. (Docs. #10-11.) The defendant funds were seized, and are currently being maintained in a Treasury Suspense Account. (Doc. #1, ¶ 7.) A Declaration of Publication (Doc. #12) was also filed indicating that notice was posted on an official government internet site for at least 30 consecutive days. No claimants made an appearance, and the United States moved for the entry of a default. The request was granted, and a Clerk's Entry of Default (Doc. #19) was issued as to the defendant funds on October 12, 2017. The motion for default judgment followed, and the United States has complied with the prerequisite of obtaining a default.

**2. Criminal Case**

The defendant funds were seized as proceeds stemming from criminal fraud conspiracy and false statement charges in the underlying criminal case against Andre Bernard (Bernard), Case No. 2:17-cr-61-FTM-38MRM. Bernard's co-conspirators were indicted separately in various cases. On June 12, 2017, the Acting United States Attorney charged Bernard with conspiracy to commit wire fraud in violation of 18 U.S.C. §§ 1343 and 1349 (Count One), and

making false material statements in records and reports required to be filed under the Clean Air Act in violation of 42 U.S.C. § 7413(c)(2)(A) and 18 U.S.C. § 2. The Information contains a forfeiture provision for the defendant funds.

Bernard entered a plea of guilty to both counts of an Information pursuant to a Plea Agreement that was accepted by the presiding district judge. The Plea Agreement provides for restitution in the amount of no less than $4,360,724.50 to the United States Department of Treasury, jointly and severally with co-conspirators, and an additional $15,350,953 for false biodiesel mixture fuel tax credits claimed and received by unindicted co-conspirators. As part of the Plea Agreement, Bernard also agreed to forfeit the defendant funds specifically at issue in this case. Bernard is otherwise awaiting sentencing.

**3. Applicable Law**

When a defendant defaults, they are "deemed to admit the plaintiff's well-pleaded allegations of facts," but not conclusions of law or facts not well-pleaded. Surtain v. Hamlin Terrace Foundation, 789 F.3d 1239, 1245 (11th Cir. 2015). To warrant a default judgment, the facts alleged in the pleadings must provide a sufficient basis for judgment. Id. (quoting Nishimatsu Const. Co., Ltd. V. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975)). The sufficiency standard is that

"necessary to survive a motion to dismiss for failure to state a claim." Id.

**4. Factual Basis**

The defendant funds were seized from two accounts opened with fraud proceeds by Andre Bernard and Paula Bernard. The Bernards signed Consents to Forfeiture (Doc. #1-6, Exh. 1) consenting to the civil, criminal, or administrative forfeiture of the defendant funds. The well-pled allegations set forth in the Complaint are as follows: On June 24, 2016, Thomas Davanzo and Robert Fedyna pleaded guilty to one count of Conspiracy to Commit Wire Fraud and one count of Money Laundering Conspiracy in Case Number 2:15-cr-141-FTM-99MRM for a scheme that took place from approximately April 2013 to May 2014. The parties agreed for purposes of sentencing that the loss amount was approximately $46 million in proceeds. These proceeds were deposited into and laundered through several layering accounts. In 2015, several other co-conspirators were indicted and pleaded guilty in the Eastern District of Washington in two separate cases. Co-conspirators Scott Johnson, Richard Estes, and wife Nancy Bush-Estes indicated that it was Bernard that orchestrated the fraud scheme and directed how the proceeds would be distributed among the co-conspirators.

*Bank of America Charitable Gift Fund*

On or about December 27, 2013, the Bernards submitted a joint application to the Bank of America Charitable Gift Fund, a donor-

advised fund that offers an account from which a donor can organize contributions, provide for investment growth, and designate charity recipients. The application provided that funds would be coming from "personal savings." The Paula and Andre Bernard Charitable Trust was actually funded by two deposits on December 24, 2013, totalling $1,050,000.00, with one part coming from the account of Eco Waste Repurposing, LLC (Eco Waste) and the other amount coming from the account of B Green Group, LLC (B Green). Andre Bernard was the signor on the Eco Waste account opened on or about December 9, 2013. Andre Bernard was also listed as the Managing Member of B Green, which opened a JP Morgan Chase account on July 23, 2013, with Andrew, Paula, and Scott Bernard as signatories. Both accounts started with zero balances before the various wire transfers began.

Three wire transfers were made from a company associated with co-conspirators to the Eco Waste account before the December 24, 2013 transfers to the Charitable Trust. The primary purpose of the Eco Waste account appears to have been to act as a layering account to obscure the link between fraud proceeds and funds deposited into the Charitable Trust. There were also numerous transfers from co-conspirator companies to the JP Morgan account for B Green as well. The Charitable Trust was funded with the fraudulent transfers as set forth in the Complaint and via companies associated with Bernard.

*Morgan Stanley Global Impact Funding Trust*

The Bernard Family Charitable Fund was established on or about December 31, 2011, by Andre and Paula Bernard at Morgan Stanley, and both are signors on the account. This Morgan Stanley Fund was funded by $1,200,000.00 withdrawn from the account of National Oil Recovery, LLC (National Oil), which in turn was funded by transfers from the accounts of co-conspirator. National Oil lists Andre Bernard as the Managing Member. National Oil opened a TD Bank account on August 29, 2013, with Andre and Paula Bernard as signors on the account. The TD Bank account was essentially a pass through account to layer transfers and obscure the source of funds going to the Morgan Stanley Fund.

The Complaint is verified and signed by Special Agent Cameron Lalli with the Criminal Investigation Division of the Internal Revenue Service.

**5. Legal Basis**

The Complaint was filed in accordance with Rule G(2) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, and subject matter jurisdiction is premised on 28 U.S.C. § 1345 because the United States initiated the case, and § 1355 because it provides original and exclusive jurisdiction over forfeiture actions. The complaint complies with the requirements of Rule G(2), the government also complied with the requirements for process by warrant and notice under Rule G(3) and

(4). The Court further finds that the allegations sufficiently support judgment in favor of the United States, and both signors on the accounts (the Bernards) have consented to the forfeiture.

**6. Conclusion**

Having accepted the well-pled allegations in the Complaint, and having taken judicial notice of the underlying criminal docket for Andre Bernard, the Court finds that the motion is due to be granted.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. The Government's Motion for Default Judgment of Forfeiture (Doc. #20) is **GRANTED.**

2. Pursuant to Federal Rule of Civil Procedure 55(b)(2) and Local Rule 7.03(i)(1), judgment of default is hereby entered against Bank of America, Morgan Stanley Global Impact Funding Trust, the Defendant Funds. Any further claims or statements of interest are time-barred.

3. All rights, title, and interests in the Defendant Funds are hereby forfeited to the United States of America, pursuant to 18 U.S.C. § 981, Federal Rule of Civil Procedure 55(b)(2), and Local Rule 7.03(i)(1), and clear title to the Defendant Funds is vested in the United States of America for disposition in accordance with law.

4. The Clerk shall enter a default judgment accordingly, terminate all deadlines and close the file.

**DONE and ORDERED** at Fort Myers, Florida, this ___29th___ day of November, 2017.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record